S. J. BLUMENTHAL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 17082.   Promulgated July 9, 1928.

*Richard S. Goldman, Esq.*, for the petitioner.
*J. Arthur Adams, Esq.*, for the respondent.

1208

MILLIKEN: We have found as a fact the value of the assets distributed to the petitioner at the date of final dissolution and his capital investment in the corporation. Petitioner is also entitled to an allowance in determining the gain or loss resulting from the liquidation of the amount of Federal income and profits tax paid by him for the corporation and which liability he assumed at the date of its dissolution. See *E. F. Cremin*, 5 B. T. A. 1164. There is no dispute between the parties that petitioner received on March 30, 1920, a cash dividend in the amount of $1,750, which should be included in his gross income subject to surtax.

This leaves for consideration and decision the question of the character of the dividend received by petitioner on August 31, 1920. Petitioner contends that it was an ordinary dividend subject to surtax only and respondent contends that it was a liquidating dividend subject to both normal and surtax. Petitioner included in his tax return for 1920, and paid tax upon the dividend as an ordinary dividend.

Petitioner relies upon our decision in the case of *E. G. and V. K. Perry*, 9 B. T. A. 796, as authority for the proposition that the dividend received on the above-referred to date was an ordinary dividend.

There can be no question since the decision of the United States Supreme Court in *Hellmich* v. *Hellman*, 275 U. S. 513, that if the dividend be a liquidating dividend, it is subject to both normal and surtax.

The facts in this proceeding and those obtaining in the case of *E. G. & V. K. Perry, supra*, are distinguishable. In this case, action was taken by the board of directors on July 23, 1920, which authorized the board of directors and officers to execute and file the necessary application in furtherance of the voluntary dissolution and the declaration of the dividend in question on August 31, 1920, at 5 p. m., was merely a step in furtherance of the plan of voluntary dissolution, which was legally effected on the following day. Petitioner was the owner of one-half of the outstanding shares of capital stock of the corporation that was to be voluntarily dissolved. During the interim from July 23, 1920, to August 31, 1920, proper legal steps were being taken to effect the voluntary dissolution and an

application was on file with the proper court praying for a decree of voluntary dissolution, and notice of dissolution was being published in the newspapers at the time the dividend in question was declared. In *E. G. and V. K. Perry, supra,* the corporate action and application to the secretary of state was done and filed subsequent to the date of the declaration of the dividend there in question. Also see *S. B. Dandridge,* 11 B. T. A. 421.

We are of the opinion that the dividend of August 31, 1920, was in pursuance of and a part of the plan of dissolution and as such was a liquidating dividend.

*Judgment will be entered under Rule 50.*